JOSEPH A. BLUM, APPELLEE, v. NEBRASKA-IOWA CREAMERY COMPANY, APPELLANT.

FILED JUNE 26, 1908. No. 15,224.

1. **Appeal: VERDICT: EVIDENCE: SUFFICIENCY.** "This court will not set aside the verdict of a jury for want of evidence to support it, if there is sufficient evidence in the record, taken by itself, to have supported a judgment by default unless the preponderance of the evidence against the verdict is so strong as to indicate that the verdict must have been predicated upon something other than the evidence." *Union P. R. Co. v. Fickenscher,* 74 Neb. 507.

2. **Master and Servant: CONTRACT: PLEADING: ISSUES.** The pleadings in the case examined, and *held* not to tender an issue as to whether or not plaintiff was a stockholder in defendant company.

3. ——: ——: **RESIGNATION: CONDITIONS: WAIVER.** Where an employee of a corporation under a contract of employment for a

stated period, on being requested to resign his position and surrender his contract, delivers to the secretary, for submission to the board of directors of such corporation, a written resignation, containing certain conditions, subsequent oral statements made by him to individual members of the board that he is willing, if necessary for certain purposes of the board of directors, to waive the conditions inserted in said written resignation are not, alone, sufficient to constitute such waiver.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, JUDGE. *Affirmed.*

*Brome & Burnett,* for appellant.

*F. T. Ransom* and *Joel W. West, contra.*

FAWCETT, C.

Plaintiff sued in the district court for Douglas county to recover a balance alleged to be due upon a contract of employment which he alleges was entered into October 16, 1903, the employment to begin November 1, 1903, and to continue for a period of one year at an agreed salary of $250 a month. The contract was in writing, and contained the following clause: "In case of the refusal of the company at any time during said year to keep said Joseph A. Blum in said employment, the salary above provided for is to be paid to him at the times stated, the same as if (he) should be retained in said employment as the general manager aforesaid, it being understood and agreed that the amount of said salary is the damage that will ensue to said Joseph A. Blum in case of such refusal, and that the same shall not be mitigated or decreased by reason of any failure of said Joseph A. Blum to make any effort to obtain other employment, or by reason of his obtaining other employment during the period covered by said contract, the consideration of this covenant as to damages being the fact that Joseph A. Blum has quit a lucrative position to accept this contract and employment, and that should the said Nebraska-Iowa Creamery Company fail to continue Blum in its

employment for the period of one year the damage that would result to him would be the balance of the year's salary without regard to any other employment said Blum might or should obtain elsewhere or any money he might make during the balance of said period for which he is hereby employed." Plaintiff further alleges that, at the end of two and one-half months after entering upon the performance of his contract, the defendant refused to permit him to proceed further, and transferred all of its property, by lease, to the Beatrice Creamery Company for a term of years; that defendant had paid him $625, leaving a balance due of $2,375, for which amount, with interest on the several monthly payments from the time they should have been paid, he prays judgment. The defendant admits the execution of the contract, and that it contained the clause above set out, but alleges that, at the time plaintiff ceased to perform the services called for by his contract, he voluntarily resigned his said office, and of his own volition terminated and wholly ended his said contract of employment, and thereafter did not perform, seek to perform, or in anywise claim that he was authorized to perform any duties for the defendant of any nature whatsoever. The reply was a general denial. While other matters are set out in the petition and answer, it is unnecessary to refer to them, for the reason that the case was tried in the court below and is presented here upon the issues as above set out. The jury returned their verdict in favor of the plaintiff for the full amount claimed, with interest. A motion for new trial was duly filed and overruled, and judgment entered on the verdict, from which judgment this appeal is prosecuted.

Defendant assigns three reasons why the judgment should be reversed, which we will consider in the order in which they appear in defendant's brief.

1. "The court erred in receiving, over the objection and exception of appellant the evidence of the plaintiff, Joseph A. Blum, respecting his employment by the

Cudahy Packing Company of South Omaha, prior to the making of his contract of employment with appellant herein, the nature of his service for that corporation, the salary he obtained from them, and the length of time he had been their employee." The evidence covered by the above assignment is as follows: "Q. In whose employment were you in the fall, we will say, prior to October 16, 1903? A. The Cudahy Packing Company, South Omaha, Nebraska. Q. What salary did you get from the Cudahy Packing Company? A. Three thousand dollars a year, or $250 a month. Q. What position did you have with the Cudahy Packing Company? A. Manager of their produce department. Q. How long had you been in the employ of the Cudahy Packing Company? A. About 13 years." It is argued that this testimony did not bear the remotest relation to the issue of fact being tried, and that it was reversible error to receive it. While we are inclined to agree with counsel that this testimony was not necessary, we cannot say that its admission constituted reversible error. In his petition plaintiff alleged that, "in consideration of plaintiff relinquishing a lucrative situation which he then held with a large and extensive packing company, defendant agreed and promised," etc. This allegation of the petition, not having been met by any of the special allegations in defendant's answer, must be considered as standing denied by the general denial contained in the second paragraph of the answer; and that part of the contract which calls for the payment to plaintiff of his full salary for the full period of one year, notwithstanding a prior dismissal, and regardless of any other employment he might obtain or business in which he might engage, being quite unusual in its character, we do not think the court erred in permitting the introduction of the testimony objected to. As we have said, we think possibly it was unnecessary for plaintiff to introduce it, for the reason that the contract recites that "the consideration of this covenant as to dam-

11

ages being the fact that Joseph A. Blum has quit a lucrative position to accept this contract and employment." The simple fact that plaintiff was not required to introduce the testimony in order to explain the unusual conditions in his contract does not, in our opinion, make the action of the court in admitting it erroneous.

2. "The court erred in refusing to permit appellant to show that, at the time it was claimed appellee resigned from the service of the appellant, appellee was a stockholder of the Nebraska-Iowa Creamery Company." In the opinion of the writer this fact was material, and, if competent proof of the fact had been offered by defendant, it would have been error to reject it; but in this opinion my associates do not concur. We therefore hold that the testimony offered by defendant in support of this contention was immaterial, and that the trial court did not err in excluding it on that ground.

3. "The court erred in overruling the motion for a new trial for the reason that the verdict of the jury is contrary to and not supported by the evidence given and adduced upon the trial, and is contrary to law." No fault is found with any of the instructions given or refused. It is apparent, therefore, that the case was fairly submitted to the jury. The evidence discloses that on December 14, 1903, a number of the directors of defendant company were assembled in the Millard Hotel, in Omaha, considering the affairs of the company, which the evidence shows was then in rather hard lines financially. Defendant's contention is that they were at that time considering the advisability of making a lease of their property and business to the Beatrice Creamery Company; that in order to carry out that project it would be necessary to obtain the resignation of all of the officials of the defendant, and that such resignations were at that time requested. Mr. Stewart, the secretary and treasurer, on that date, wrote out the following resignation: "December 14, 1903, we, the undersigned, hereby tender our resignations irrevocably, to take effect at the pleasure of

the board of directors of the Nebraska-Iowa Creamery Company," which was signed, "R. A. Stewart, Tr. John J. King, Pt." Below this resignation, in the handwriting of plaintiff, we find the following: "I resign on same conditions, except on 30 days' notice after annual meeting in February, 1904. J. A. Blum."

Defendant's witnesses, five in number, testified that, when that paper was shown to the directors at that time, they were not satisfied with it, and stated that nothing but an unconditional resignation would answer the purpose, and that plaintiff then said to them, in substance: "Well, all right, then; go ahead; I won't stand in the way." Plaintiff denies having made such a statement, and insists that he, at all times, stood upon his contract, and insisted upon his rights thereunder. Defendant argues that the testimony upon this point is so overwhelmingly in favor of defendant that the verdict of the jury should not be permitted to stand. There are some circumstances, however, which seem to corroborate the plaintiff, and to indicate that there was a general scheme on foot that day to get him, alone, out of the company. The evidence shows that after that date, and after the property and business of defendant had been leased to the Beatrice Creamery Company, King and Stewart both remained in the employ of the company, continuing to represent either the defendant company or the Beatrice Creamery Company, while plaintiff alone was dropped. In addition to that, what purported to be the minutes of the meeting of the directors at the Millard Hotel, December 14, 1903, were introduced in evidence, and no reference whatever appears in those minutes to the so-called oral resignation of plaintiff; on the contrary, the minutes recite that the board of directors adjourned to the next day for want of a quorum. Mr. Stewart, it is true, says he thinks there was a quorum present that day. We think the evidence fairly shows that at least five of the nine directors of the defendant company were at the Millard Hotel at different times on that day; but we do not think

there is any competent testimony showing that there were five directors present at any one point of time during the deliberations of the directors, which extended from about 10 o'clock in the forenoon until 6 or 7 o'clock in the afternoon, with an intermission of a couple of hours at noon. It would seem, therefore, that there could not have been any oral resignation to the board of directors that day, for the reason that there never was a meeting of the board, in the true sense, at that time. Another fact we think is quite significant, viz., the directors present on that day, whatever their motive may have been, claimed to be desirous of obtaining unconditional resignations from their three principal officers, and in furtherance of that desire a resignation was drawn up and signed by the president and treasurer, tendering their resignations unconditionally. This was not signed by plaintiff, and, if plaintiff subsequently orally consented to their request for an unconditional resignation, why was he not asked to modify or strike out the written conditions in the resignation which he had signed, or, at least, why was it not so recited in the minutes? We think these circumstances furnish sufficient corroboration of plaintiff to warrant the jury, who saw all the witnesses upon the stand and had full opportunity to note their demeanor while giving their testimony, in returning the verdict complained of. While we might have reached a different conclusion ourselves from that reached by the jury, we cannot say that there is not "sufficient evidence in the record, taken by itself, to have supported a judgment by default," nor that "the preponderance of the evidence against the verdict is so strong as to indicate that the verdict must have been predicated upon something other than the evidence." Such being the fact, we cannot disturb the verdict which was returned. *Union P. R. Co. v. Fickenscher*, 74 Neb. 507.

In concluding their argument, counsel for defendant say: "There is another consideration equally fatal to the recovery in this case. Suppose it were true that the writ-

ten resignation (Exhibit 2) was the only evidence of Blum's voluntary termination of his contract of employment, and nothing else had occurred at the time the resignation was submitted to the board of directors of the Nebraska-Iowa Creamery Company, no voluntary agreement to resign unconditionally as testified to by the five witnesses above named. But the lease to the Beatrice Creamery Company having been made on the 1st of January, 1904, Blum was notified, as he says he was, by Stewart and King, that his services were no longer required and his contract of employment terminated. As a matter of law this would mean that the notice referred to in his resignation had been given, and that his contract of employment would terminate on February 4, 1904." We are unable to concur in this contention. The resignation, signed by plaintiff, reads: "I resign on same conditions, except on 30 days' notice after annual meeting in February, 1904." This condition of plaintiff's resignation called for a notice after the annual meeting in February, 1904, and when given called for 30 days' notice. We do not think the wording used by plaintiff can be given any other construction than that it required a 30 days' notice to be given after the annual meeting in February. If we are right in this, then clearly the leasing of the property and business of defendant to the Beatrice Creamery Company on January 1, 1904, and notice of that fact, cannot be held to be a compliance with the condition imposed by plaintiff.

Perceiving no reversible error in the record, we recommend that the judgment of the district court be affirmed.

CALKINS, C., concurs in the conclusion.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.